United States District Court
Middle District of Florida
Tampa Division

| | |
|---|---|
| SOCIAL POSITIONING SYSTEMS, LLC, | § § § § § § § § § § § § § |
| Plaintiff, | Case No. 8:22-cv-00036-KKM-SPF |
| v. | **JURY TRIAL DEMANDED** |
| CLICK LABS INC., | |
| Defendant. | |

## CLICK LABS INC.'s ANSWER, DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT

Defendant Click Labs ("Click Labs") files this Answer, Defenses, and Counterclaims to Plaintiff Social Positioning Systems, LLC's ("Plaintiff" or "Social Positioning") Complaint ("Complaint"). Click Labs denies the allegations and characterizations in Social Positioning's Complaint unless expressly admitted in the following paragraphs.[1]

## PARTIES AND JURISDICTION

1.  Click Labs admits that the Complaint purports to set forth an

---

[1] For avoidance of doubt, Click Labs denies liability for all allegations included or implied in the introductory paragraph or in any headings or footnotes of the Complaint.

action for patent infringement under Title 35 of the United States Code and that Social Positioning seeks injunctive relief as well as damages, but Click Labs denies it has committed or is committing acts of infringement and denies Social Positioning is entitled to any relief.

2. Click Labs admits that this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3. Click Labs is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 of the Complaint and, on that basis, denies all such allegations.

4. Click Labs admits the allegations in Paragraph 4 of the Complaint.

5. Click Labs does not contest that the Court has personal jurisdiction over it in this case. Click Labs admits that it conducts business in the State of Florida. Click Labs denies it has committed or is committing acts of infringement within this District or elsewhere and, on that basis, denies the remaining allegations of Paragraph 5 of the Complaint.

6. Click Labs admits that it has used, imported, offered for sale, or sold instrumentalities in this District. Click Labs denies it has committed or

is committing acts of infringement within this district or elsewhere and, on that basis, denies the remaining allegations of Paragraph 6 of the Complaint.

## VENUE

7.   Click Labs does not contest that venue is proper in this case, but denies that venue is convenient. Click Labs denies the remaining allegations in Paragraph 7 of the Complaint.

## COUNT I

## (ALLEGED) INFRINGEMENT OF U.S. PATENT NO. 9,261,365

8.   Click Labs incorporates Paragraphs 1 through 7 herein by reference.

9.   Click Labs admits that the Complaint purports to set forth an action for infringement under the Patent Laws of the United States, 35 U.S.C. §§ 271, et seq.

10.   Click Labs is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 of the Complaint and, on that basis, denies all such allegations.

11.   Click Labs admits that a purported copy of U.S. Patent No. 9,261,365 (the "'365 Patent" or the "Patent-in-Suit") is attached to the Complaint as Exhibit A and that the face of that patent indicates that it is

entitled "Device, System and Method for Remotely Entering, Storing and Sharing Addresses for a Positional Information Device."

12. Click Labs denies the allegations in Paragraph 12 of the Complaint.

13. Click Labs denies the allegations in Paragraph 13 of the Complaint.

14. Click Labs admits that purported screenshots from a website are shown but denies all allegations in this Paragraph. Click Labs denies that Social Positioning's claims have merit and expressly denies that it has infringed any valid claim of the Patent-in-Suit. Click Labs denies any remaining allegations in Paragraph 14 of the Complaint.

15. Click Labs admits that purported screenshots from a website are shown but denies all allegations in this Paragraph. Click Labs denies that Social Positioning's claims have merit and expressly denies that it has infringed any valid claim of the Patent-in-Suit. Click Labs denies any remaining allegations in Paragraph 15 of the Complaint.

16. Click Labs admits that purported screenshots from a website are shown but denies all allegations in this Paragraph. Click Labs denies that Social Positioning's claims have merit and expressly denies that it has

infringed any valid claim of the Patent-in-Suit. Click Labs denies any remaining allegations in Paragraph 16 of the Complaint.

17. Click Labs admits that purported screenshots from a website are shown but denies all allegations in this Paragraph. Click Labs denies that Social Positioning's claims have merit and expressly denies that it has infringed any valid claim of the Patent-in-Suit. Click Labs denies any remaining allegations in Paragraph 17 of the Complaint.

18. Click Labs denies the allegations in Paragraph 18 of the Complaint.

19. Click Labs denies the allegations in Paragraph 19 of the Complaint.

20. Click Labs is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 of the Complaint and, on that basis, denies all such allegations.

## SOCIAL POSITIONING'S JURY DEMAND

21. Social Positioning's demand for a jury trial does not require a response from Click Labs.

## SOCIAL POSITIONING'S PRAYER FOR [ALLEGED] RELIEF

To the extent that a response is required to Social Positioning's prayer for relief, Click Labs denies that Social Positioning is entitled to any judgment against Click Labs and/or an order granting relief in any of the forms requested in parts (a)-(e) (including any subparts).

To the extent that any allegations of the Complaint have not been previously specifically admitted or denied, Click Labs denies them.

## CLICK LABS' DEFENSES

Click Labs' Defenses are listed below. Click Labs reserves the right to amend its answer to add additional Defenses consistent with the facts discovered in this case.

## FIRST DEFENSE

Click Labs has not infringed and does not infringe, under any theory of infringement (including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement)), any valid, enforceable claim of the Patent-in-Suit.

## SECOND DEFENSE

Each asserted claim of the Patent-in-Suit is invalid for failure to comply with one or more of the requirements of the United States Code, Title 35,

including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

### THIRD DEFENSE

To the extent that Social Positioning and any predecessors in interest to the Patent-in-Suit failed to properly mark any relevant products or materials as required by 35 U.S.C. § 287, or otherwise give proper notice that Click Labs' actions allegedly infringe the Patent-in-Suit, Click Labs is not liable to Social Positioning for the acts alleged to have been performed before Click Labs received actual notice that it was allegedly infringing the Patent-in-Suit.

### FOURTH DEFENSE

To the extent that Social Positioning asserts that Click Labs indirectly infringes, either by contributory infringement or inducement of infringement, Click Labs is not liable to Social Positioning for the acts alleged to have been performed before Click Labs knew that its actions would cause indirect infringement.

### FIFTH DEFENSE

The claims of the Patent-in-Suit are not entitled to a scope sufficient to encompass any system employed or process practiced by Click Labs.

## SIXTH DEFENSE

To the extent Social Positioning contends that it alleges a claim for indirect infringement (whether by inducement or contributorily), Social Positioning has failed to state a claim upon which relief can be granted.

## SEVENTH DEFENSE

Social Positioning's Complaint fails to state a claim upon which relief can be granted because the claims of the Patent-in-Suit do not claim patent eligible subject matter under 35 U.S.C. § 101.

## EIGHTH DEFENSE

Social Positioning's Complaint fails to state a claim of direct infringement because, among other things, Social Positioning has not stated a plausible allegation that any system employed or process practiced by Click Labs practices: "sending a request from a requesting positional information device to a server for at least one address stored in at least one sending positional information device, the request including a first identifier of the requesting positional information device"; and/or "receiving at the requesting positional information device, from the server, a retrieved at least one address to the requesting positional information device wherein the

server determines a second identifier for identifying the at least one sending positional information device based on the received first identifier and retrieves the requested at least one address stored in the identified at least one sending positional information device"; as required by at least Claim 1 of the '365 Patent.

## NINTH DEFENSE

Social Positioning is estopped, based on statements, representations, and admissions made during prosecution of the patent application resulting in the Patent-in-Suit, from asserting any interpretation of any valid, enforceable claims of the '365 Patent that would be broad enough to cover any accused product alleged to infringe the Patent-in-Suit, either literally or by application of the doctrine of equivalents.

## TENTH DEFENSE

Social Positioning's claims for damages are statutorily limited or barred by 35 U.S.C. §§ 286 and 287. Social Positioning is further barred under 35 U.S.C. § 288 from recovering costs associated with its action.

## ELEVENTH DEFENSE

Social Positioning is precluded from recovering its reasonable attorney's fees, costs, and or increased damages under 35 U.S.C. §§ 284 or 285.

## TWELFTH DEFENSE

Should Click Labs be found to infringe any valid, enforceable claim of the '365 Patent, such infringement was not willful.

## CLICK LABS' COUNTERCLAIMS

For its counterclaims against Plaintiff Social Positioning Input Systems, LLC ("Social Positioning"), Counterclaim Plaintiff Click Labs Inc. ("Click Labs") alleges as follows:

## PARTIES

1. Counterclaim Plaintiff Click Labs is a Delaware corporation with a place of business located in Tampa, Florida.

2. Upon information and belief based solely on Paragraph 3 of the Complaint as pled by Social Positioning, Counterclaim Defendant Social Positioning, is a Wyoming limited liability company with an address of 1 East Broward Boulevard, Suite 700, Ft. Lauderdale, Florida 33301.

## JURISDICTION

3. Click Labs incorporates by reference Paragraphs 1-2 above.

4. These counterclaims arise under the patent laws of the United States, Title 35, United States Code. The jurisdiction of this Court is proper under at least 35 U.S.C. § 271 et seq., and 28 U.S.C. §§ 1331, 1338, 1367, and 2201–02.

5. Social Positioning has consented to the personal jurisdiction of this Court at least by commencing its action for patent infringement in this District, as set forth in its Complaint.

6. Based solely on the filing of this action, venue is proper, though not necessarily convenient, in this District pursuant at least 28 U.S.C. §§ 1391 and 1400.

## COUNT I
## DECLARATION REGARDING NON-INFRINGEMENT

7. Click Labs incorporates by reference Paragraphs 1-6 above.

8. Based on the filing of this action and at least Click Labs' first defense, an actual controversy has arisen and now exists between the parties as to whether Click Labs infringes U.S. Patent No. 9,261,365 (the "'365 Patent" or "Patent-in-Suit").

9. Click Labs does not infringe at least claim 1 of the '365 Patent because, *inter alia*, Social Positioning has not stated a plausible allegation that any system employed by Click Labs practices: "sending a request from a requesting positional information device to a server for at least one address stored in at least one sending positional information device, the request including a first identifier of the requesting positional information device"; and/or "receiving at the requesting positional information device, from the server, a retrieved at least one address to the requesting positional information device wherein the server determines a second identifier for identifying the at least one sending positional information device based on the received first identifier and retrieves the requested at least one address stored in the identified at least one sending positional information device."

10. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., Click Labs requests a declaration by the Court that Click Labs has not infringed and does not infringe any claim of the '365 Patent under any theory (including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement)).

## COUNT II
## DECLARATION REGARDING INVALIDITY

11.     Click Labs incorporates by reference Paragraphs 1-10 above.

12.     Based on the filing of this action and at least Click Labs' second defense, an actual controversy has arisen and now exists between the parties as to the validity of the claims of the Patent-in-Suit.

13.     On information and belief, the claims of the '365 Patent are invalid for failure to comply with one or more of the requirements of United States Code, Title 35, and the rules, regulations, and laws pertaining thereto.

14.     For example, as explained in Click Labs' Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, incorporated by reference herein, the '365 Patent is invalid for failure to comply with 35 U.S.C. § 101. As explained, the '365 Patent claims nothing more than an abstract idea, and it fails to claim an inventive concept.

14.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., Click Labs requests a declaration by the Court claims of the Patent-in-Suit are invalid for failure to comply with one or more of the requirements of United States Code, Title 35, including without limitation,

35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

## PRAYER FOR RELIEF

WHEREFORE, Click Labs asks this Court to enter judgment in Click Labs' favor and against Social Positioning by granting the following relief:

a) a declaration that the claims of the Patent-in-Suit are invalid;

b) a declaration that Click Labs does not infringe, under any theory, any valid claim of the Patent-in-Suit that may be enforceable;

c) a declaration that Social Positioning take nothing by its Complaint;

d) judgment against Social Positioning and in favor of Click Labs;

e) dismissal of the Complaint with prejudice;

f) a finding that this case is an exceptional case under 35 U.S.C. § 285 and an award to Click Labs of its costs and attorneys' fees incurred in this action; and

g) further relief as the Court may deem just and proper.

## JURY DEMAND

Click Labs hereby demands trial by jury on all issues.

Dated:  March 31, 2022								Respectfully submitted,

*/s/ John J. Gagliano*
John J. Gagliano
john@gagliano.law
Florida Bar No. 87379
GAGLIANO LAW OFFICES
433 Plaza Real Suite 275
Boca Raton, FL 33432
Telephone No. (561) 765-6170
Facsimile No. (215) 554-6979

*/s/ Bradley D. Liddle*
Bradley D. Liddle (*pro hac*)
Texas Bar No. 24074599
bliddle@carterarnett.com
Theresa M. Dawson (*pro hac*)
tdawson@carterarnett
Texas Bar No. 24065128
Carter Arnett PLLC
8150 N. Central Expy, Ste. 500
Dallas, Texas 75206
Telephone No. (214) 550-8188
Facsimile No. (214)550-8185

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true copy of the foregoing was filed electronically and served by operation of the Court's electronic filing system on March 31, 2022. Parties may access the foregoing through the Court's system.

                                              *John J. Gagliano*
                                              John J. Gagliano